UNITED STATES of America,
Appellee,

v.

John DOE, Defendant–Appellant.

Docket No. 02–1362.

United States Court of Appeals,
Second Circuit.

Argued: May 28, 2003.

Decided: Oct. 29, 2003.

Avrom Robin for Defendant–Appellant
John Doe.

Burton T. Ryan, Assistant United States Attorney, (for Roslyn Mauskopf, United States Attorney for the Eastern District of New York; Peter Norling, Assistant United States Attorney, of counsel) for Appellees.

Before: WALKER, Chief Judge, CALABRESI, Circuit Judge, and KORMAN, District Judge *.

PER CURIAM.

In *United States v. Campo,* 140 F.3d 415 (2d Cir.1998), we vacated a sentence imposed by Judge Platt because he had refused to exercise his informed discretion in considering an application by the United States Attorney for a downward departure. The record indicated clearly that Judge Platt refused to depart downwardly because the United States Attorney had not recommended a downward departure to a specific sentence. On the other hand, Judge Platt downwardly departed to probation on the sentence imposed on Campo's two co-defendants, after he had pressured the Assistant United States Attorney into a concession that she would not object to such a sentence. We held that a blanket refusal to depart could not be justified as an exercise of Judge Platt's informed discretion. Moreover, although we did not address the issue in *Campo,* the record there reflected a willingness to rubber stamp any suggestion made by the United States Attorney—an act equally inconsistent with the exercise of an informed discretion.

Another sentence imposed by Judge Platt is the subject of this appeal. The defendant John Doe appeals from a judgment entered in the United States District Court for the Eastern District of New York, on his plea of guilty, convicting him of conspiracy to import hashish, in violation of 21 U.S.C. §§ 963 and 960(b)(1)(G), and sentencing him to a term of incarceration of 120 months, three years supervised release, and a $50 special assessment. This sentence was imposed by Judge Platt after *Campo* was decided. Doe, like Campo, was a cooperating witness. While Judge Platt did downwardly depart, notwithstanding the failure of the United States Attorney to recommend a specific sentence, the record leaves us with a sense of unease as to whether Judge Platt exercised his informed discretion in imposing that sentence.

Before proceeding to a discussion of the record here, a review of the sentencing hearing in *Campo* is appropriate because, along with the record in this case, it provides the basis for our concern. Campo was sentenced with two co-defendants who were also the beneficiaries of a downward departure motion pursuant to Section 5K1.1 of the United States Sentencing Guidelines. Campo had provided cooperation with respect to a proceeding in the Southern District of New York and the 5K1.1 letter was written by the United States Attorney for the Southern District of New York. Campo's two co-defendants were the beneficiaries of a letter from the United States Attorney for the Eastern District of New York.

When counsel for Terris Lee Barber, one of the two co-defendants, referred to the 5K1.1 motion, Judge Platt stated:

> The 5K letters are meaningless because the government refuses to make any recommendations. And I have told the government this and I have said it for the last 20 years in this court that until the government writes a meaningful 5K1

---

* The Honorable Edward R. Korman, Chief Judge of the United States District Court for the Eastern District of New York, sitting by designation.

letter, I just have no obligation in this court to do anything about it.

*United States v. Campo,* 140 F.3d at 417.

When Barber's counsel suggested that it would be unfair to refuse to impose a below-Guidelines sentence because of the failure of the United States Attorney to recommend a specific sentence, Judge Platt responded:

> I think it's unfair too, but I am not the government. And the government has been taking this unfair position for twenty-two and a half years, as long as I have been on the bench. When I was a prosecutor 40 years ago, we stood up before a judge ánd said this man deserves this because he's done thus and so. Or this man has done nothing and he deserves that. There is not a man or woman in the prosecutor's office who has the guts to do it today.... They first used to tell me it was a departmental policy. I went down and talked to the department and they said there is no such policy. What am I supposed to do?

*Id.* (alterations in original).

The Assistant United States Attorney told Judge Platt that, while the two co-defendants were less culpable than Campo, she was " 'constrained by policies of the United States Attorney's Office for the Eastern District of New York not to make a specific sentenc[ing] recommendation.' " When Judge Platt continued to press for a specific recommendation and warned that " 'you know what is going to happen unless you answer,' " the Assistant United States Attorney reiterated her office's policy, "but relented a bit by stating that the only statement she could make was that the government did not oppose" the request of the two co-defendants for a probationary sentence. *Id.* Judge Platt then imposed a sentence of probation on the co-defendants.

The Assistant United States Attorney for the Southern District of New York, who had participated in the sentencing proceedings, declined to make any specific representations with respect to Campo. Instead, he "merely requested that the court take its 5K1.1 letter into account as it deemed appropriate." *Id.* at 417–18. Judge Platt imposed a sentence of six years imprisonment, which was within the range of the Sentencing Guidelines for the offenses of which Campo had been convicted. Judge Platt acknowledged that he had declined to depart because of the absence of a specific sentencing recommendation. *Id.* at 418.

■ We turn now to the sentencing record in this case, which reads much like the record in *Campo.* Because of our holding in *Campo,* Judge Platt could not refuse to depart downwardly because of the unwillingness of the United States Attorney to provide a specific recommendation. Nevertheless, he continued to pressure the United States Attorney to make a specific recommendation, he again denigrated the usefulness of the 5K.1 letter and he plainly indicated that the absence of a specific recommendation affected his sentence. Indeed, Judge Platt implied that, if the United States Attorney had recommended a probationary sentence, he would have imposed such a sentence instead of the ten-year sentence he had imposed.

Specifically, the United States Attorney had provided Judge Platt with a four page single-space typewritten letter detailing the background of the case, the defendant's criminal history and the nature and extent of his cooperation against a number of his accomplices over a period of seven years during which he was free on bail. The letter concluded by noting that the defendant's

> information and availability as a witness assisted in insuring that pleas were

agreed upon by these defendants and that any information provided by [those who] cooperat[ed] was truthful. . . . As the investigation developed [the defendant] was not needed to cooperate in any undercover capacity, but he was available as a witness, and his information was used in formulating various search warrants and arrest warrants. He was not needed to testify due to the subsequent defendants' choices to plead guilty and cooperate as well.

At a subsequent hearing, Judge Platt advised the Assistant United States Attorney that, "what you have told me is no different than you tell me in ninety-nine and two-thirds percent of the letters you write. I'm sure you appreciate by now that I find little or no use because you really don't tell me anything as to what we should do by way of consideration." After the United States Attorney began to summarize orally the defendant's cooperation, Judge Platt interrupted to say: "You don't understand. I can read." He then sentenced the defendant to imprisonment for a total of ten years, which he noted was equal to the mandatory minimum for the offense and less than the minimum sentence of 262 months prescribed by the Sentencing Guidelines.

The defendant then filed a motion for reconsideration of the sentence. One of the grounds was that another cooperating defendant, who agreed to cooperate as result of the defendant's cooperation and who had pled guilty to the same offense as the defendant, received a probationary sentence from Judge Johnson. The United States Attorney had not made a specific recommendation in that case. Judge Platt denied the motion for reconsideration in a written opinion *before* the United States Attorney had even responded to it. Although he held quite correctly that the sentence imposed by Judge Johnson did not obligate him to impose a similar sentence, Judge Platt added the following words:

While the government wrote their customary non-helpful "cooperation letter" to the Court, Assistant U.S. Attorney Burton Ryan refused to make any recommendation with respect to sentence or even to suggest a lower range for a possible sentence.

If the government had wanted the Court to impose a non-custodial or some other sentence it had a full opportunity to do so both before and at the time of sentence and indeed it repeatedly refuses to do so. In virtually all cases, including this one, the government now fixes the guideline range by selecting the charge to which a defendant must plead and by virtually dictating the preliminary guidelines. There is certainly no law, of which this Court is aware, that says the government may not ask for what it wants.

These gratuitous comments suggest that the refusal of the United States Attorney to recommend a specific sentence may have caused Judge Platt to mete out a higher sentence than he would have otherwise imposed. Perhaps equally disturbing, when read in context of the *Campo* sentencing proceeding, is that these words also suggest that Judge Platt would have rubber-stamped any specific recommendation offered by the United States Attorney. While we do not doubt Judge Platt's statement that he departed because of the 5K1.1 letter, we remain concerned with a record that suggests that the sentence, specifically the extent of the departure, was affected improperly by Judge Platt's annoyance with the United States Attorney for failing to provide a specific recommendation that he would have then readily followed.

Our conclusion in this regard is confirmed by our reading of the 5K.1 letter of the United States Attorney which we summarized earlier and which provided ample basis for an experienced judge to have exercised an informed discretion. Contrary to Judge Platt's assessment, the letter was not "of little or no use." Indeed, it was of sufficient "use" to cause Judge Platt to downwardly depart to 120 months from the minimum of 262 months mandated by the Sentencing Guidelines. In any event, Judge Johnson, who imposed a sentence of probation on a cooperating co-defendant, did not suggest that a similar letter was "of little or no use." Nor has it been suggested that any other judge in the Eastern District of New York has voiced similar concerns.

 We agree with Judge Platt that the United States Attorney may be in the best position to both evaluate the extent of the cooperation offered by a defendant and to propose a sentence that will provide sufficient incentive for other comparable defendants to cooperate fully. The same may be less true of her ability to weigh the seriousness of the crime against the extent of the cooperation. Nevertheless, the United States Attorney has no obligation to provide specific sentencing recommendations for such cooperating witnesses, and has sound reasons to decline to do so. Successful prosecutions frequently depend upon the credibility of cooperating witnesses in the eyes of the jury. This credibility of a cooperating witness is already undermined by the agreement of the United States Attorney to file a 5K.1 letter and by the conceded fact that, unless the United States Attorney is satisfied with the witness's testimony, such a letter will not be written. One of the principal rehabilitating arguments in response to an often withering attack by defense counsel is that the United States Attorney has not obligated herself to make a specific sentencing recommendation and that it is entirely up to the trial judge to decide the sentence to be imposed. If the United States Attorney were to begin making specific sentencing recommendations that were routinely followed, it would naturally invite defense counsel to argue that cooperating witnesses were now being furnished with an even greater incentive to say whatever they believed necessary to obtain the most lenient recommendation. Such considerations no doubt explain, at least in part, the policy on the part of the United States Attorneys not to recommend specific sentences. While we appreciate the desire of Judge Platt for a specific recommendation, if he feels that he is unable to make an informed judgment on sentences for cooperating defendants without a specific recommendation, then we believe the proper course is to recuse himself from such cases. *See United States v. Snyder*, 235 F.3d 42, 46 (1st Cir.2000) (holding that recusal was justified, if not mandated, where the district judge "could not bring himself to do what the law required" in imposing a sentence in accordance with the Sentencing Guidelines).

 We conclude by emphasizing that we are not expressing any view one way or the other as to the reasonableness of the length of the sentence imposed. Indeed, we would have no power to set the sentence aside for that reason. Instead, we reverse here for reasons similar to those in *Campo* and, as in *Campo*, we direct that the resentencing be assigned to another judge. We have considered the defendant's remaining claims and find them to be without merit.

The judgment of the district court is VACATED and the case is REMANDED for resentencing by a different district judge.