**UNITED STATES of America,**
**Appellee,**

v.

**Diego GONZALEZ–HERNANDEZ,**
**Defendant–Appellant.**

**No. 03–1500–CR.**

United States Court of Appeals,
Second Circuit.

June 27, 2005.

Steven Zachary Legon, New York, NY, for Appellant.

Mary K. Barr, Special Assistant United States Attorney (Roslynn R. Mauskopf, United States Attorney for the Eastern District of New York, Peter A. Norling, Assistant United States Attorney, on the brief), Brooklyn, NY, for Appellee.

PRESENT: WALKER, Chief Judge, LEVAL, Circuit Judge, and DUPLANTIER, District Judge.*

**SUMMARY ORDER**

Defendant-appellant Diego Gonzalez–Hernandez appeals from the August 7, 2003, judgment of the district court convicting him, upon his plea of guilty, to conspiracy to import five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 963 and 960(b)(1)(B)(ii). Gonzalez–Hernandez was sentenced to a mandatory minimum term of incarceration of 120

* The Honorable Adrian G. Duplantier, of the United States District Court for the Eastern District of Louisiana, sitting by designation.

months, five years' supervised release, a $100,000 fine, and a $100 special assessment. We assume familiarity with the facts and prior proceedings, as well as with the issues raised on appeal.

Gonzalez–Hernandez argues on appeal that the district court's imposition of the mandatory minimum sentence, despite the government's motion, pursuant to U.S.S.G. § 5K1.1 and 18 U.S.C. §§ 3553(e)-(f), for the court "to impose a sentence below the minimum established by statute," was improperly influenced by the district court's continuing disagreement with the government's policy of not making specific sentencing recommendations in connection with its § 5K1.1 motions.

As a result of the Supreme Court's decision in *United States v. Booker,* — U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), we review a district court's sentence, including any downward departures, for reasonableness. *Id.* at 765–66.

> [R]eview for "reasonableness" is not limited to consideration of the length of the sentence. If a sentencing judge committed a procedural error by selecting a sentence in violation of applicable law, and that error is not harmless and is properly preserved or available for review under plain error analysis, the sentence will not be found reasonable.

*United States v. Crosby,* 397 F.3d 103, 114 (2d Cir.2005) (internal citations omitted); *see also* 18 U.S.C. § 3742(e)(3); 18 U.S.C. §§ 3742(a)(1), (2).

As Gonzalez–Hernandez points out, we have previously vacated sentences in cases where Judge Platt either disregarded or discounted the government's letters in support of a § 5K1.1 motion because of his long-standing umbrage over the government's policy to refrain from recommending specific sentences in such motions. *See United States v. Campo,* 140 F.3d 415, 417–18 (2d Cir.1998) (per curiam) (vacating sentence where the record clearly indicat-

ed that Judge Platt refused to downwardly depart because the government had not recommended a specific sentence); *United States v. Doe,* 348 F.3d 64, 65, 67–68 (2d Cir.2003) (per curiam) (vacating sentence as to which Judge Platt imposed departure because of "a sense of unease" that extent of departure was affected by government's failure to recommend specific sentence). In each case, we held that Judge Platt's refusal to depart or to depart fully amounted to a refusal to "exercise [his] informed discretion," which constituted legal error on the order of a district court's refusal to depart because of its mistaken belief that it lacks authority to depart. *Campo,* 140 F.3d at 418; *see also Doe,* 348 F.3d at 67–68. We therefore "vacate[d] [the defendants'] sentence[s] and remand[ed] the case[s] to the district court; we also direct[ed] that the case[s] be reassigned to a different judge for resentencing in order to preserve the appearance of impartiality." *Campo,* 140 F.3d at 416; *see also Doe,* 348 F.3d at 67–68. The sentencing in the instant case occurred after our decision in *Campo* but prior to our decision in *Doe.*

The government argues that resentencing is not warranted in this case because Judge Platt gave a sizeable downward departure from the applicable sentencing guidelines range of 262 to 327 months. We disagree. In *Doe,* as here, Judge Platt imposed the mandatory minimum of 120 months, which represented a significant departure from the guidelines minimum of 262 months. *Doe,* 348 F.3d at 66–67. We nevertheless vacated the sentence after concluding that "the record leaves us with a sense of unease as to whether Judge Platt exercised his informed discretion in imposing th[e] sentence," *id.* at 65, "specifically the extent of the departure," *id.* at 67. The facts of the present case are as compelling. As detailed in the government's § 5K1.1 letter, Gonzalez–Hernan-

dez provided substantial assistance to the government over several years, and contributed significantly to the successful prosecution of numerous defendants within the large drug conspiracy in which Gonzalez–Hernandez had participated. Furthermore, Gonzalez–Hernandez provided significant assistance in an unrelated case in the Southern District of New York, as detailed by a letter emanating from that office. In light of these letters, Judge Platt's statements at Gonzalez–Hernandez's sentencing, particularly his assertion that he "might listen with more sympathy" if the government provided a specific sentencing recommendation, suggest that the size of the departure he granted was adversely affected by his frustration with the government. As was the case in *Doe,* Judge Platt's "gratuitous comments suggest that the refusal of the United States Attorney to recommend a specific sentence may have caused Judge Platt to mete out a higher sentence than he would have otherwise imposed." *Doe,* 348 F.3d at 67.

Accordingly, as we did in *Campo* and *Doe,* we vacate Gonzalez–Hernández's sentence and remand with instructions that the case be assigned to a different judge for resentencing. In doing so, we repeat the caveat we made in *Doe:* "We ... emphasiz[e] that we are not expressing any view one way or the other as to the reasonableness of the length of the sentence imposed [by Judge Platt]." *Doe,* 348 F.3d at 68.

For the foregoing reasons, the judgment of the district court is **VACATED** and the case is **REMANDED** for resentencing by a different district judge. To the extent Gonzalez–Hernandez has moved for a remand pursuant to *Crosby,* the motion is denied as moot.