UNITED STATES of America,
Appellee,

v.

Jared McINTYRE, Defendant–
Appellant.

No. 04–4284.

United States Court of Appeals,
Second Circuit.

Dec. 4, 2006.

Gerald B. Lefcourt (Richard Levitt, on the brief), Law Offices of Gerald B. Lefcourt, P.C., New York, NY, for Defendant–Appellant.

Gary R. Brown, Assitant United States Attorney (Roslynn R. Mauskopf, United States Attorney for the Eastern District of New York, and David C. James, Assistant United States Attorney, on the brief), Brooklyn, NY, for Appellee.

PRESENT: JAMES L. OAKES, AMALYA L. KEARSE and ROSEMARY S. POOLER, Circuit Judges.

## SUMMARY ORDER

Defendant-appellant Jared McIntyre appeals from the District Court's judgment, entered July 30, 2004, after conviction by guilty plea of one count of conspiracy to commit arson under 18 U.S.C. § 844(i) &

(n), imposing a sentence of 42 months imprisonment, three years supervised release, and $368,987.18 in restitution. We assume the parties' familiarity with the facts, procedural history, and specification of issues on appeal.

■ We review the District Court's factual finding as to the amount of restitution to be ordered for clear error. 18 U.S.C. § 3742(e). Because both parties agree that remand for resentencing is appropriate because the District Court relied in determining the restitution amount on facts that are clearly erroneous, the case shall be remanded for resentencing. We note that if the government had not consented to remand, appellant's Booker argument would fail. *See United States v. Reifler*, 446 F.3d 65 (2d Cir.2006); *United States v. Booker*, 543 U.S. 220, 244, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).

■ McIntyre additionally requests that we order that the case be reassigned for resentencing before a different district judge. While McIntyre argues that the District Court had not exercised informed discretion, *see United States v. Doe*, 348 F.3d 64, 65 (2d Cir.2003), we find he has not met the high standard of demonstrating that this was one of the "rare instance[s] in which the judge's fairness or the appearance of the judge's fairness is seriously in doubt." *United States v. Bradley*, 812 F.2d 774, 782 n. 9 (2d Cir. 1987) (citation omitted).

For the foregoing reasons, the judgment of the District Court is VACATED, the case is REMANDED.