UNITED STATES of America, Appellee

v.

Nelson WALKER, aka "Steve Wilson," aka "Darrell Marshall," Defendant

v.

Michael Nnebe, Defendant–Appellant.

No. 02–1509.

United States Court of Appeals, Second Circuit.

Argued: May 16, 2003.

Decided: Dec. 17, 2003.

Arza Feldman, Feldman & Feldman (Steven A. Feldman on the brief), Hauppauge, N.Y. for Appellant.

James F. Comey, United States Attorney for the Southern District of New York (Nancy Kestenbaum & Laura Grossfield Birger, on the brief), New York, N.Y. for Appellee.

Before: McLAUGHLIN, LEVAL, SOTOMAYOR, Circuit Judges.

LEVAL, Circuit Judge.

This appeal raises the question what a sentencing court must do or say in imposing a sentence of restitution in order to discharge the obligation imposed on the court by 18 U.S.C. § 3664(f)(2) to consider specified aspects of the defendant's financial circumstances. Acknowledging that, under our case law devised for prior statutory law, sentencing judges were obligated to state that they had considered those mandatory factors, the government contends that by reason of changes established in 1996 by the Mandatory Victims Restitution Act, 18 U.S.C. §§ 3663A and 3664 ("MVRA"), sentences of restitution should no longer be vacated merely because the sentencing judge failed to state that the court had considered the factors required to be considered.

Prior to the passage of the MVRA, courts imposing sentences of restitution exercised virtually unlimited discretion. They were free to grant or deny restitution of the victim's losses, and, in making an award of restitution, to provide for payment of any percentage of the victim's losses that the court found appropriate. No obligations were imposed on the court other than to consider certain factors relating to the defendant's financial circumstances. Given that virtually unlimited discretion, our court found it appropriate to impose on sentencing judges an obligation to indicate on the record that they had considered the factors required to be considered. *See, e.g., United States v. Giwah*, 84 F.3d 109, 114 (2d Cir.1996); *United States v. Soto*, 47 F.3d 546, 550–51 (2d Cir.1995); *United States v. Tortora*, 994 F.2d 79, 81 (2d Cir.1993). *See also United States v. Atkinson*, 788 F.2d 900, 902–03 (2d Cir.1986).

In 1996, however, the statutory law governing restitution orders was significantly modified, and the sentencing court's discretion was severely curtailed. Under the MVRA, the court no longer has discretion to deny an award of restitution or to award restitution for anything less than the full amount of the victim's losses. The sole discretion left to the sentencing court is to devise a schedule of payments for the period in which the defendant remains under the sentence.

The government argues that the reduction in the sentencing judge's discretion reduces the dangers of abuse of discretion, and correspondingly reduces the need for a prophylactic rule to protect against abuse of discretion. The argument has considerable force.

The sentencing law requires a sentencing judge to consider a variety of factors in fashioning *each aspect* of the sentence. Nonetheless, we have never required sentencing judges to state on the record that they considered the mandatory factors applicable to a sentence of imprisonment, probation or fine. Given MVRA's change in the law, we see no reason why our court should impose on sentencing judges with

respect to *restitution alone* an obligation not mentioned in the statute to announce their consideration of the required factors. We therefore agree with the government's argument.

## BACKGROUND

After trial in the United States District Court for the Southern District of New York (Scheindlin, J.), Michael Nnebe was found guilty of securities fraud in violation of 15 U.S.C. § 77q(a) and conspiracy to commit securities fraud in violation of 18 U.S.C. § 371.

Nnebe was the founder, president and chief executive officer of Fargo Holdings, Inc., which he used as a vehicle to defraud investors. Nnebe employed a number of telephone salespersons who "cold-called" potential victims, inducing them to purchase stock in Fargo Holdings with false promises of an impending initial public offering and sure profits for early investors. Nnebe falsely communicated to investors that Fargo was developing a day-trading facility for speculators in the stock market; that Fargo owned a jeans factory in Honduras; and that big stores such as Bloomingdale's and Macy's had entered into contracts to carry Fargo jeans.

Victims of the fraud invested more than $2 million in Fargo, which Nnebe (as well as his co-conspirator) then diverted to personal use. He employed the funds to purchase a Rolls Royce, a Ferrari, a Range Rover, and a Mercedes Benz, as well as to pay his home mortgage, to clean his pool, and to wire more than $300,000 to himself and his family members in Nigeria. Nnebe's crime inflicted losses aggregating $1,820,767 on his victims.

Nnebe was tried before a jury and found guilty. The court sentenced him to sixty months in prison, followed by a three-year term of supervised release. As the MVRA requires a restitution award of "the full amount of each victim's losses ... without consideration of the economic circumstances of the defendant," 18 U.S.C. § 3664(f)(1)(A), the court also imposed an order of a restitution of $1,820,767.

In § 3664(f)(2), the statute directs that the court "specify ... the schedule according to which[ ] restitution is to be paid." The schedule is to be made "in consideration of

(A) the financial resources and other assets of the defendant, including whether any of these assets are jointly controlled;

(B) projected earnings and other income of the defendant; and

(C) any financial obligations of the defendant; including obligations to dependents.

The schedule ordered by the court provided that Nnebe was to pay ten percent of his gross monthly earnings toward restitution during the 3–year period of supervised release. In setting this schedule of restitution payments, the judge specifically mentioned some of the required factors, but did not mention the "financial obligations of the defendant ... to dependents."[1]    18    U.S.C.    § 3664(f)(2)(C).

---

1.  The judge said:
    While the amount [of restitution] is mandatory, in setting the payment schedule, the court must consider the financial resources of the defendant, the assets, the earnings, projected earnings, other obligations, et cetera. The defendant prepared a personal financial statement that revealed assets of approximately $20,000 made up of bank accounts and an old car, but liabilities of approximately $40,000, primarily credit card debt. He also defaulted on one or more mortgages. He has been employed since 1986 in either real estate or the financial industry. He has filed tax returns since 1996 showing income ranging from $32 a

Nnebe contends that because of this failure we must vacate the sentence and remand for reconsideration. In support of his argument he cites primarily cases that arose under the restitution statutes that were in effect prior to the MVRA.

## DISCUSSION

If Nnebe's appeal had arisen under the law of restitution as it existed before the passage of the MVRA in 1996, his argument would not be frivolous. In cases arising under the now superseded statute, we ruled, "If the record fails to demonstrate that the court considered [the] mandatory factors, then this court will vacate a restitution order." *Giwah,* 84 F.3d at 114. *See also Soto,* 47 F.3d at 550–51 ("[T]he record must demonstrate that the court has considered [the mandatory] factors in ordering restitution."); *Tortora,* 994 F.2d at 81 (same). If those precedents remain good law for restitution sentences imposed under the MVRA, Nnebe presents a substantial argument in favor of vacating the sentence and remanding in view of the failure of the record to reveal whether the court considered Nnebe's obligations to dependents. The government argues, however, that the changes introduced in the restitution law by the MVRA make our former requirements unnecessary. We agree.

Under 18 U.S.C. § 3663(a)(1), as it read prior to MVRA, the sentencing court had virtually unfettered discretion either to deny restitution outright or to set it at any percentage of the victim's loss. The requirement that the court consider various aspects of the financial circumstances of the defendant was thus the only constraint upon the court's vast discretion. It was in light of that virtually unfettered discretion that our court came to require an affirma-

year to $126,000 a year. Of course, he is

tive indication that the sentencing court had taken into account the only guide imposed on it in crafting its restitution order.

The passage of the MVRA in 1996, however, very substantially diminished the discretion of sentencing courts in fashioning restitution orders. In cases to which it applies, the Act requires the court to "order . . . that the defendant make restitution to the victim of the offense, or, if the victim is deceased, to the victim's estate." 18 U.S.C. § 3663A(a)(1). It goes on to specify that the restitution to each victim must be

> *in the full amount of each victim's losses* as determined by the court *and without consideration of the economic circumstances of the defendant.*

18 U.S.C. § 3664(f)(1)(A) (emphasis added). The MVRA thus eliminates most of the discretion courts previously exercised. The court's discretion is now restricted to crafting the schedule of payments during the time the defendant is under sentence. The significance of that schedule is diminished, however, by the fact that the victim may convert the restitution order into an abstract of judgment for the full amount of the restitution order, which "shall be a lien on the property of the defendant . . . in the same manner and to the same extent and under the same conditions as a judgment of a court of general jurisdiction in that State." 18 U.S.C. § 3664(m)(1)(B). *See also* §§ 3664(m)(1)(A) and 3613(c). Thus, under MVRA, the sentencing judge exercises discretion over only a relatively small facet of a restitution order. The mandatory factors enumerated in § 3664(f)(2) pertain only to an exercise of discretion which has considerably diminished importance in comparison to the discretion exercised under the pre-MVRA law.

currently unemployed.

In light of the diminution of the sentencing court's discretion relating to restitution orders, it would be anomalous to continue to single out restitution, among all the elements of sentencing, for a requirement that the sentencing judge announce consideration of the mandatory factors. For virtually every aspect of sentencing, the governing statutes prescribe a set of factors which courts are required to consider in setting the sentence. For prison sentences, 18 U.S.C. § 3553(a) directs the court "in determining the particular sentence to be imposed [to] consider" a list of enumerated factors. For sentences of probation, 18 U.S.C. § 3562 directs the court to consider the factors set forth in § 3553(a). Section 3572 lists factors the sentencing court must consider in imposing fines. We have never required judges to state on the record that they considered the mandatory factors affecting sentences of imprisonment, probation, or fine. The stakes with respect to a term of imprisonment are at least as high as those governing the establishment of a schedule of restitution payments. If we trust district judges to comply with their obligation to consider statutorily mandated factors as to imprisonment, fines, and probation, without requiring them to state on the record that they have done so, should we not extend the same trust with respect to their exercise of what is now a narrow scope of discretion affecting an interim schedule for the making of restitution payments? Whatever need we felt for such a requirement when, prior to MVRA, district courts were exercising vast discretion in fashioning restitution orders, such a need is greatly diminished now that MVRA has severely curtailed that discretion.

We recognize that our court's decisions imposing the declaration requirement were not limited to cases arising prior to MVRA. In reviewing several restitution sentences passed under MVRA, we followed the rule of the older cases. *See, e.g.,* *United States v. Harris,* 302 F.3d 72, 75 (2d Cir.2002); *United States v. Ismail,* 219 F.3d 76, 78 (2d Cir.2000); *United States v. Kinlock,* 174 F.3d 297, 299–300 (2d Cir. 1999) (declining to decide whether case arose under MVRA or the prior law). In none of these cases, however, did we consider the question the government has here argued. Our opinions simply applied the old rule to the new statute without considering whether the changes it established eliminated the conditions which had previously supported the rule.[2]

We conclude that, in considering restitution sentences imposed under MVRA, we will not vacate and remand, as we did under the prior statute, solely by reason of the sentencing judge's failure to indicate consideration of the mandatory factors. Our opinion should not be understood to suggest that sentencing judges are not obligated to consider the mandatory factors in setting payment schedules for restitution orders. Of course they must do so.[3] The only question we address is whether the sentencing judges must state on the record that they have considered the fac-

2. Nonetheless, because this decision might be seen as a departure from the court's previous rulings, prior to filing we have circulated this opinion in draft to all the judges of this court.

3. Nor should we be understood as discouraging judges from placing on the record their consideration of the mandatory factors. To the contrary, such clarification can serve a useful purpose and can eliminate the need for remand in questionable cases. If the facts are such as to lead the reviewing court to doubt that the sentencing judge would have made a particular ruling had the judge considered a factor required to be considered, specific acknowledgment that the factor was considered may avert an unnecessary remand. It is a useful practice, although no longer mandatory.

tors, on pain of remand. We now abandon that requirement. We reject Nnebe's argument, and affirm the sentence imposed on him.[4]

The judgment of the district court is AFFIRMED.

---

4. We have considered the other arguments in Nnebe's brief and found them meritless.