**UNITED STATES of America,**
**Appellee,**

v.

**Rita CASTILLO, Gloria**
**Wiley, Defendants,**

**Geisha Suarez, Defendant–Appellant.**

**Docket No. 03–1288.**

United States Court of Appeals,
Second Circuit.

March 24, 2004.

Philip R. Schatz, Wrobel & Schatz LLP, New York, NY, for Appellant.

Lisa G. Horwitz, Assistant United States Attorney for the Southern District of New York (David N. Kelley, United States Attorney, Andrew L. Fish, Assistant United States Attorney, of counsel), New York, NY, for Appellee.

PRESENT: SACK, RAGGI, Circuit Judges, and TRAGER,* District Judge.

## SUMMARY ORDER

The defendant-appellant Geisha Suarez pleaded guilty (1) to a conspiracy to steal federal funds in violation of 18 U.S.C. § 371, and (2) to stealing federal funds in violation of 18 U.S.C. § 641. As part of her sentence, the United States District Court for the Southern District of New York (Victor Marrero, *Judge*) ordered Suarez to pay restitution under the authority of the Mandatory Victims Restitution Act of 1996, 18 U.S.C. §§ 3663A, 3664, ("MVRA") to the Bronx Check Cashing Corporation ("BCCC") in the amount of $25,302.86.

Suarez argues that BCCC is not properly a victim to which she could owe restitution under the MVRA. We disagree. The MVRA authorizes the district court to order Suarez to provide restitution to BCCC because BCCC reimbursed the vic-

---

* The Honorable David G. Trager of the United States District Court for the Eastern District of New York, sitting by designation.

tim, the United States, for its loss from Suarez's crimes. *See id.* § 3664(j)(1). The MVRA indicates that the United States qualifies as a victim for restitution purposes. *See id.* § 3664(i). Therefore, the district court properly ordered restitution to BCCC.

■ There is also no merit to Suarez's argument that she has a right of contribution against BCCC that would diminish the amount of her restitution to BCCC. "[W]hile apportionment may now be required in some jurisdictions in civil tort suits, we decline to apply by analogy the same principle in criminal cases." *United States v. Tzakis,* 736 F.2d 867, 871 (2d Cir.1984) (citations omitted).

■ Suarez also maintains that the district court did not give individualized consideration to her ability to pay when setting the payment schedule. "[I]n considering restitution sentences imposed by the MVRA, we will not vacate and remand ... solely by reason of the sentencing judge's failure to indicate consideration of the mandatory factors [of 18 U.S.C. § 3664(f)(2) ]." *United States v. Walker,* 353 F.3d 130, 134 (2d Cir.2003). The sentencing judge must, however, "consider the mandatory factors in setting payment schedules for restitution orders." *Id.* We must therefore find in "the record ... some affirmative act or statement allowing an inference that the district court considered the defendant's ability to pay" in setting the schedule. *United States v. Harris,* 302 F.3d 72, 75 (2d Cir.2002) (per curiam) (internal quotation marks omitted). The circumstances give rise to the reasonable inference that the district court considered the mandatory factors in setting Suarez's payment schedule. First, the district court announced at sentencing that it reviewed and adopted the PSR factual recitation, which contains information about

Suarez's background, education and training, employment history, earnings, assets and liabilities, family status, and financial support. *See United States v. Kinlock,* 174 F.3d 297, 300–01 (2d Cir.1999). Only after adopting these factual findings did the district court impose the PSR's recommended payment schedule of 10% of her gross monthly income over the period of supervision. Second, the court demonstrated its awareness of Suarez's financial situation when it decided to impose no fine on the ground that she did not have the ability to pay it. Finally, four of the letters that Suarez's lawyer submitted to the court regarding the issue of restitution discussed her financial situation, employment history, IQ, and family obligations. And in one of the government's letters to the court on the issue of restitution, the government articulated the three factors that the court must consider.

"Once having considered the mandatory factors specified by § 3664(f)(2), the sentencing judge is afforded very broad discretion in setting the schedule." *United States v. Corbett,* 357 F.3d 194, 195 (2d Cir.2004). The district court did not abuse its discretion in setting Suarez's payment schedule at 10% of her gross monthly income. *Cf. Kinlock,* 174 F.3d at 301 ("While we recognize the difficulty the district court may encounter in fashioning a precise dollar amount for the period of incarceration, a payment schedule expressed as a percentage of the defendant's monthly income while incarcerated, e.g. 10% of monthly income, is satisfactory.").

Suarez also attacks the MVRA on a number of constitutional grounds. We do not consider the alleged violations of the New York Constitution because "the Supremacy Clause invalidates state laws that interfere with, or are contrary to, federal law." *Hillsborough County v. Automated*

*Med. Labs., Inc.,* 471 U.S. 707, 712, 105 S.Ct. 2371, 85 L.Ed.2d 714 (1985) (internal quotation marks omitted).

■ Suarez argues that she was denied her Fifth Amendment right to procedural due process because the district court did not conduct an evidentiary hearing as to whether the BCCC was a victim under the MVRA. All that the Due Process Clause requires the district court to do is "afford the defendant some opportunity to rebut the Government's allegations. Decisions as to what types of procedure are needed lie within the discretion of the sentencing court and are reviewed for abuse of discretion." *United States v. Slevin,* 106 F.3d 1086, 1091 (2d Cir.1996) (internal quotation marks and citations omitted). In accordance with this principle, the court properly gave Suarez an adequate opportunity to present her position as to her restitution contentions.

■ Suarez contends further that the order of restitution violated her Seventh Amendment right to a jury trial because the order extinguished her claim against BCCC for contribution and is the equivalent of compensatory damages. Our established case law indicates that this claim has no merit. We have held that an order of restitution under the MVRA's predecessor statute, the Victim and Witness Protection Act of 1982, as amended, 18 U.S.C. §§ 3663, 3664 (1994), ("VWPA") "do[es] not transform a criminal sentence into a civil adjudication requiring fact-finding by a jury." *See United States v. Brown,* 744 F.2d 905, 908 (2d Cir.), *cert. denied,* 469 U.S. 1089, 105 S.Ct. 599, 83 L.Ed.2d 708 (1984). Suarez is incorrect in asserting that *Brown* does not control this case because there is no discretion in imposing restitution under the MVRA, whereas there was discretion under the VWPA. "Under the MVRA, ... while judges must impose the full amount of loss as restitution, they have considerable discretion to impose nominal, in-kind, and periodic payments. That courts cannot exercise discretion as to the technical amount of restitution that would theoretically be recovered is of no import." *United States v. Dubose,* 146 F.3d 1141, 1148 (9th Cir.), *cert. denied,* 525 U.S. 975, 119 S.Ct. 430, 142 L.Ed.2d 350 (1998).

Suarez maintains that the imposition of restitution violates the Eighth Amendment's prohibitions of excessive fines and cruel and unusual punishment. This argument is without merit. *See United States v. Porcelli,* 865 F.2d 1352, 1366 (2d Cir.), *cert. denied,* 493 U.S. 810, 110 S.Ct. 53, 107 L.Ed.2d 22 (1989); *cf. Harmelin v. Michigan,* 501 U.S. 957, 994, 111 S.Ct. 2680, 115 L.Ed.2d 836 (1991).

■ Suarez also contends that Congress lacked legislative authority to enact the MVRA. The MVRA does not violate the Fifth Amendment guarantee of substantive due process because "Congress had a rational basis for its choice of penalties." *United States v. Meskini,* 319 F.3d 88, 91 (2d Cir.) (internal quotation marks omitted; quoting *Chapman v. United States,* 500 U.S. 453, 465, 111 S.Ct. 1919, 114 L.Ed.2d 524 (1991)), *cert. denied,* 538 U.S. 1068, 123 S.Ct. 2240, 155 L.Ed.2d 1125 (2003). The MVRA also does not violate the principle of separation of powers on the ground that it removes discretion from judges to impose restitution. The power to fix sentences ultimately rests with the legislature, *see Mistretta v. United States,* 488 U.S. 361, 364, 109 S.Ct. 647, 102 L.Ed.2d 714 (1989); thus, any legislative diminishment of judicial discretion in sentencing, at least with regard to restitution, is constitutional.

We have considered Suarez's other arguments and find them to be without merit.

For the foregoing reasons, the judgment of the district court is hereby AFFIRMED.