**UNITED STATES of America,**
**Appellee,**

v.

**Ernest BROWN, Defendant–Appellant.**

**Docket No. 04–5526.**

United States Court of Appeals,
Second Circuit.

Oct. 18, 2005.

---

Timothy W. Hoover, Federal Public Defender's Office, Western District of New York, Buffalo, NY., for Appellant.

Stephan J. Baczynski, Assistant United States Attorney (Michael A. Battle, United States Attorney, Western District of New York, Buffalo, NY, on the brief)., for Appellee.

\* The Honorable Frederic Block, of the United States District Court for the Eastern District

Present: MINER, POOLER, Circuit Judges, and BLOCK, Senior District Judge.*

## SUMMARY ORDER

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, AD-JUDGED, AND DECREED** that the judgment of the said District Court be and it hereby is **VACATED** and **REMANDED** for resentencing.

Defendant-appellant Ernest Brown appeals from the judgment of the district court sentencing him principally to a term of imprisonment of 46 months. The sentence was imposed following Brown's plea of guilty to one count of possessing with intent to distribute five grams or more of cocaine.

At sentencing, Brown asked that the sentence run partially concurrently with an undischarged term of imprisonment that had been imposed by a state court for an unrelated probation violation; the Government did not oppose Brown's request. In addition, the Presentence Report ("PSR") apprised the district court that, under § 5G1.3(c) of the United States Sentencing Guidelines ("U.S.S.G." or the "Guidelines"), "if a defendant is serving a prior undischarged term of imprisonment, the sentence for the instant offense may be imposed to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense."

In imposing sentence, the district court's only comment regarding Brown's request was that the term of imprisonment "will be a federal incarceration at the outset, but

of New York, sitting by designation.

I'll leave open the possibility of applying your state servitude to the fulfillment of your federal obligations later, but at this time I'm not going to."

Brown timely moved, pursuant to Federal Rule of Criminal Procedure 35(a), to correct the sentence, reiterating his position that a partially concurrent sentence would effect "a reasonable result under 18 U.S.C. [§§  ] 3584 and 3553, [and] the pertinent sentencing guideline." The Government did not oppose the motion, but suggested that "it would be cleaner at this point" if the court would decide if the sentence was to be consecutive, concurrent or partially concurrent.

The district court denied the motion, stating as the sole basis for its decision:

> It may be a matter of personal attitude, but I very strongly have always felt that service in any facility other than a federal facility cannot count as credit toward a federal sentence. I continue that. Now, that leaves you discretion in the future to make some motion directed against the federal sentence itself. I deny your motion to have the state servitude count toward the federal sentence.

The judge then confirmed that "right now the sentence is consecutive." Brown argues that the imposition of a consecutive sentence was error.[1]

"[A] district court's sentencing decisions under § 5G1.3(c) will not be overturned absent an abuse of discretion." *United States v. Brennan*, 395 F.3d 59, 66 (2d Cir.2005) (citation and internal quotation marks omitted). "A district judge has been deemed to have abused discretion not only because the decision on its merits exceeded the bounds of allowable discretion but also because the judge committed an error of law in the course of exercising discretion." *United States v. Crosby*, 397 F.3d 103, 114 (2d Cir.2005) (citing *Koon v. United States*, 518 U.S. 81, 100, 116 S.Ct. 2035, 135 L.Ed.2d 392 (1996)). A district court's failure to appreciate an available sentencing option constitutes legal error. *See United States v. Ventrilla*, 233 F.3d 166, 169 (2d Cir.2000) (citing *United States v. Thorpe*, 191 F.3d 339 (2d Cir.1999)). It is likewise legal error for a district court to refuse to "make[ ] the discretionary judgment that the law allows and expects it to make." *United States v. Campo*, 140 F.3d 415, 419 (2d Cir.1998); *cf. United States v. Fabian*, 312 F.3d 550, 559 (2d Cir.2002) ("A sentence is issued in violation of law when a district court refuses to exercise discretion with regard to a defendant's motion to downwardly depart, or if the district court is mistaken in its belief that it lacks such authority.").

18 U.S.C. § 3584(a) provides, in pertinent part, that "if a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively." In deciding whether to make the sentence consecutive or concurrent, the sentencing court *"shall consider,* as to each offense for which a term of imprisonment is being imposed, the factors set forth in [18 U.S.C. § ]3553(a)." *Id.* § 3584(b) (emphasis added).

The factors under § 3553(a) are the same that courts are required to consider in exercising their sentencing discretion

---

1. Although pursuant to his plea agreement, Brown "waive[d] the right to appeal, modify ... and collaterally attack any sentence imposed by the Court which falls within or is less than" the Guidelines range, such a waiver does not preclude him from raising on appeal the propriety of a consecutive sentence. *See United States v. Williams*, 260 F.3d 160, 164–65 (2d Cir.2001) (citing *United States v. Brown*, 232 F.3d 44, 48 (2d Cir. 2000), and *United States v. Velasquez*, 136 F.3d 921, 923 n. 1 (2d Cir.1998)).

post-*Booker/Fanfan*. *See Crosby*, 397 F.3d at 111–12. In addition to mandating consideration of the overarching goals of sentencing—such as punishment, deterrence, protection of the public and the avoidance of unwarranted sentencing disparities— § 3553(a) requires courts to consider "the kinds of sentence . . . set forth in the guidelines," 18 U.S.C. § 3553(a)(4)(A), as well as "any pertinent policy statement . . . issued by the Sentencing Commission." *Id.* § 3553(a)(5)(A).

As noted in the PSR, the relevant Guideline is § 5G1.3. In certain circumstances, subsections (a) and (b) of § 5G1.3 mandate consecutive and concurrent sentences, respectively. Subsection (c) provides that, in all other cases, the sentence "may be imposed to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense"; the commentary to subsection (c) references §§ 3584 and 3553(a), and lists additional factors to be considered. *See* U.S.S.G. § 5G1.3 cmt. n. 3. This case proceeded on the assumption that subsection (c) applied.

"Nothing in the language of [§ 5G1.3] or its Commentary requires district courts to make specific findings with respect to any or all of the factors listed in the Commentary or § 3553(a)," *Velasquez*, 136 F.3d at 924; nor do we require that a district court "follow any particular formula or incantation" before imposing a consecutive sentence. *Id.* (citation and internal quotation marks omitted). Moreover, as in other sentencing contexts, we will presume that a district court has properly considered and weighed the factors bearing upon the exercise of its discretion in imposing a consecutive sentence. *See United States v. Fleming*, 397 F.3d 95, 100 (2d Cir.2005) (collecting cases invoking the presumption with respect to departures, restitution and revocation); *United States*

*v. Walker*, 353 F.3d 130, 134 (2d Cir.2003) ("We have never required judges to state on the record that they considered the mandatory factors affecting sentences of imprisonment, probation, or fine."). This presumption may, however, be overcome by a contrary indication in the record. *Cf. Fleming*, 397 F.3d at 100 ("As long as the judge is aware of both the statutory requirements and the sentencing range or ranges that are arguably applicable, and nothing in the record indicates misunderstanding about such materials or misperception about their relevance, we will accept that the requisite consideration has occurred." (citations omitted)).

In light of the PSR's specific reference to § 5G1.3(c), Brown's repeated reliance on that Guideline and § 3584, and the lack of any opposition from the Government, we cannot conclude that the experienced district judge failed to understand that he had the authority to impose a partially concurrent sentence. We do, however, conclude that the record indicates that the district court refused to exercise its discretion in considering Brown's request for a partially concurrent sentence.

In *Ventrilla*, we held that the district court's "firm belief" regarding downward departures indicated that "the district court may have simply refused to exercise discretion with regard to Ventrilla's motion" for such a departure. 233 F.3d at 169. Similarly, in *Campo*, we held that a district court's decision not to depart under Guidelines § 5K1.1 in the absence of a recommendation from the Government regarding the extent of the departure amounted to a "blanket refusal" to depart that "could not be justified as an exercise of the [the district court's] informed discretion." *United States v. Doe*, 348 F.3d 64, 65 (2d Cir.2003) (citing *Campo*, 140 F.3d at 418–19).

As set forth above, a district court's discretion in this context is to be governed

by consideration of the factors set forth in § 3584, along with Guidelines § 5G1.3(c) and its commentary. Here, by contrast, the only reason advanced by the district court for imposing consecutive time was its remark that, as "a matter of personal attitude," it had "always felt that service in any facility other than a federal facility cannot count as credit toward a federal sentence." Just as a "firm belief," *Ventrilla*, 233 F.3d at 169, regarding downward departures for diminished mental capacity was an improper substitute for a reasoned exercise of discretion, a "personal attitude" regarding the service of a federal sentence in a state facility cannot replace the consideration of factors governing the consecutive/concurrent determination; such statements indicate the same kind of "blanket refusal," *Doe*, 348 F.3d at 65, that we disapproved in *Campo*. *See* 140 F.3d at 418–19.

Because the district court's remarks indicate a refusal to exercise its discretion, and to consider the factors bearing upon the exercise of that discretion, we are obliged to vacate and remand for resentencing. We trust that, in putting aside its "personal attitude" and in considering the requisite factors, the district court may recognize that it was reasonable for Brown's counsel to suggest—and for the Government not to object—that a partially concurrent sentence was more appropriate than approximately nine years of combined

federal and state incarceration. However, we leave it to the district court to initially determine, after careful consideration of all the factors, whether it will reimpose its consecutive sentence.[2]

For the foregoing reasons, we VACATE the district court's sentence and REMAND for resentencing in accordance with this order.[3]

---

2. Our decision should not be read as discouraging district courts from stating on the record that they have considered the requisite factors. As we noted in *Walker*:

"[S]uch clarification can serve a useful purpose and can eliminate the need for remand in questionable cases. If the facts are such as to lead the reviewing court to doubt that the sentencing judge would have made a particular ruling had the judge considered a factor required to be considered, specific acknowledgment that the factor was considered may avert an unnecessary remand."

353 F.3d at 134 n. 3.

3. Given the advisory language of subsection (c) of Guidelines § 5G1.3, remand is not required under *Crosby* to give the district court an opportunity to decide whether its sentence would have been nontrivially different in light of *Booker/Fanfan*. As in *Fleming*, the district court was "functioning under a sentencing regime that, even before *Booker/Fanfan*, was advisory with respect to" the consecutive/concurrent issue. 397 F.3d at 101.