**UNITED STATES of America,**
**Appellee,**

v.

**Robert T. KIRK, Jr., Defendant–**
**Appellant.**

**No. 05–1517.**

United States Court of Appeals,
Second Circuit.

May 5, 2006.

Kristen K. Larsen, N.Y., N.Y. (Joshua L. Dratel, N.Y., N.Y.), for Appellant.

Andrew L. Fish, Ass't U.S. Att'y, SDNY, N.Y., N.Y., for Appellee.

Present: Honorable WILFRED FEINBERG, Honorable AMALYA L. KEARSE, and Honorable REENA RAGGI, Circuit Judges.

## SUMMARY ORDER

Defendant Robert T. Kirk, Jr., appeals from a judgment entered in the United States District Court for the Southern District of New York convicting him, following his plea of guilty before Robert P. Patterson, *Judge,* of securities fraud, in violation of 15 U.S.C. §§ 78j(b) and 78(ff), and conspiracy to commit securities fraud, in violation of 18 U.S.C. § 371. Kirk was sentenced principally to 37 months' imprisonment, to be followed by a three-year term of supervised release; pursuant to the Mandatory Victims Restitution Act ("MVRA"), 18 U.S.C. §§ 3663A and 3664, he was ordered to pay restitution to specified victims of his offenses in accordance with their respective losses, in the total amount of $12,862,685. On appeal, he challenges only the order for restitution, contending principally that the entry of such an order in the absence of his own factual admissions, or of findings by a jury beyond a reasonable doubt, violated his rights under the Sixth Amendment as enunciated in *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), and *Blakely v. Washington,* 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). He also contends that the district court erred by failing to consider the mandatory factors set forth in 18 U.S.C. § 3664, and that the government failed to serve its restitution request within the

time specified in the MVRA. For the reasons that follow, we find no basis for reversal, and we affirm.

As none of Kirk's present contentions were raised in the district court, they are subject to plain-error analysis. A plain error is one that prejudicially affects the defendant's "substantial rights" and "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *United States v. Olano,* 507 U.S. 725, 732, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993) (internal quotation marks omitted). None of Kirk's contentions meets this standard.

■ Kirk's constitutional challenge to the restitution order is foreclosed by this Court's recent ruling that the imposition of restitution based on facts not admitted by the defendant or found by a jury beyond a reasonable doubt does "not constitute error under ... *Blakely* [ ] and *Booker,* much less 'plain error.'" *United States v. Reifler,* 446 F.3d 65, 114 (2d Cir.2006).

■ Kirk's contention that the judgment should be vacated because the district court failed to state on the record that it considered the statutorily enumerated factors in imposing restitution is foreclosed by this Court's decision in *United States v. Walker,* 353 F.3d 130, 134 (2d Cir.2003) (in light of the mandatory character of the MVRA and the relatively small facet of restitution that is left to the sentencing judge's discretion, the judge's failure to state on the record that he considered the MVRA factors provides no basis for reversal). Although Kirk argues that "the premise underlying this Court's decision in *Walker* has been in effect overruled by *Booker*" (Kirk brief on appeal at 18), we reject that argument, given our continued adherence to *Walker* in the aftermath of *Booker, see, e.g., United States v. Jaffe,* 417 F.3d 259, 265 & n. 4 (2d Cir.2005), and our decision in *Reifler* that *Booker* does not apply to orders of restitution.

■ Finally, we reject Kirk's contention that he is entitled to a new sentencing hearing on the basis that he should have been served with the government's list of his victims, and the amount of loss suffered by each, at least 10 days before sentencing, see generally 18 U.S.C. § 3664(d)(5), whereas he was served with that information less than one week before sentencing. In the district court, Kirk made no objection to the government's identification of victims or its computation of the loss suffered by each. Instead, he argued, *inter alia,* that restitution should be limited to the amount of profit he gained from his offenses, that the total amount of the victims' losses should be apportioned between him and his coconspirator, and that if the court ordered Kirk to pay the full amount of restitution requested by the government, the court should impose a shorter prison term in order to facilitate his making restitution. Kirk made no complaint to the district court that he lacked sufficient time to verify or challenge the government's restitution information; nor did he request either an adjournment of the sentencing hearing or a postsentencing restitution hearing. Accordingly, we cannot conclude that the timing of the government's service of its restitution information affected Kirk's substantial rights.

We have considered all of Kirk's contentions on this appeal and have found them to be without merit. The judgment of the district court is affirmed.