**UNITED STATES of America,**
**Appellee,**

v.

**Henry CHU, Ashok Shah, Naina Chitroda, Defendants–Appellants.**

**Nos. 05–1056–cr, 05–1068–cr, 05–1935–cr.**

United States Court of Appeals,
Second Circuit.

May 31, 2006.

See also 2004 WL 1176647.

Marcus A. Asner, Assistant United States Attorney, (Karl Metzner, Assistant United States Attorney, on the brief) for Michael J. Garcia, United States Attorney for the Southern District of New York, New York, N.Y., for Appellee.

Paul J. Angioletti, Staten Island, N.Y., for Defendant–Appellant Henry Chu.

Michael H. Sporn, New York, N.Y., for Defendant–Appellant Ashok Shah.

Mark Gimpel, Bronx, N.Y., for Defendant–Appellant Naina Chitroda.

PRESENT: Hon. RICHARD J. CARDAMONE, Hon. GUIDO CALABRESI and Hon. ROSEMARY S. POOLER, Circuit Judges.

## SUMMARY ORDER

Defendants–Appellants Henry Chu ("Chu"), Ashok Shah ("Shah"), and Naina Chitroda ("Chitroda") challenge their convictions for conspiracy to commit bank fraud, mail fraud, and wire fraud in violation of 18 U.S.C. §§ 371, 1344, 1341, and 1343; and conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h). After a four-week jury trial before Judge Berman, in the United States District Court for the Southern District of New York, judgments of conviction were entered against Chu, Shah, and Chitroda on February 25, 2005, February 18, 2005, and March 2, 2005, respectively. The conspiracies charged involved an elaborate Ponzi scheme that laundered bank loans through Allied Deals, Inc. and an international network of companies that were purportedly engaged in metal trading. On appeal, all three Defendants–Appellants argue that the district judge abused his discretion in denying their motions for a severance. Chu and Shah each raise additional arguments. We assume the parties' familiarity with the facts, the procedural history, and the specific issues on appeal.

### I.

Appellants contend that the district court committed reversible error when it denied their motions for severance from the trials of their co-defendants. Where, as here, the defendants are accused of participation in a common scheme, the preference for joint trials in the federal system is especially strong. *United States v. Salameh*, 152 F.3d 88, 115 (2d Cir.1998) (per curiam). The decision to grant a severance is committed to the trial court's

sound discretion, and a defendant making such a motion faces the heavy burden of demonstrating *"substantial* prejudice." *United States v. Sampson,* 385 F.3d 183, 190 (2d Cir.2004). The improved chances for acquittal in a separate trial are not a sufficient basis for severance. *See Zafiro v. United States,* 506 U.S. 534, 540, 113 S.Ct. 933, 122 L.Ed.2d 317 (1993).

■ 13 At the trial below, Defendants–Appellants, along with three other persons, were charged on a redacted indictment consisting of only three counts. Though the evidence submitted was voluminous, we find that the nature of the conspiracy charged would have justified a similar quantum of evidence had Chu, Shah, and Chitroda been tried independently. Further, the nature of the evidence and legal concepts involved in this case were not so complex or so difficult to understand that a jury would not have been able to grasp them. *See United States v. Casamento,* 887 F.2d 1141, 1150 (2d Cir.1989). We concluded that the district court did not abuse its discretion in conducting a joint trial.

## II.

■ Chu makes two other claims on appeal.[1] First, he challenges the sufficiency of the evidence underlying his conviction pursuant to 18 U.S.C. § 1956(h), conspiracy to commit money laundering. Because Chu was not charged with the substantive offense of money laundering, but rather *conspiracy* to commit money laundering, the government was required to prove that Chu agreed to the Allied Deals, Inc. scheme to move illegally-ob-

tained funds for the purpose of either promoting further illegal activity or concealing the source of those funds. *See* 18 U.S.C. § 1956(h); *United States v. McDermott,* 245 F.3d 133, 137 (2d Cir. 2001) (stating the principle that the "essence of conspiracy is the agreement and not the commission of the substantive offense"). Many of the same acts upon which Chu was convicted for conspiracy to commit bank fraud (a conviction that he does not challenge on appeal) served to further the money laundering scheme. The jury could reasonably infer that, by courting and managing bank loans, aiding in the falsification of documents, setting up sham companies, and posing as a "group company" representative, Chu conspired to commit all four objects of the money laundering agreement alleged in the indictment.

■ Second, Chu renews his claim, raised below as a motion for a mistrial, that he was deprived of a fair trial by the prosecution's opening statement, which previewed particular evidence that was not in fact produced during trial. The standard for ordering retrial based on prosecutorial comments is "substantial prejudice" to a defendant, a standard measured by "the severity of the misconduct, the measures adopted to cure the misconduct, and the certainty of conviction absent the improper statements." *United States v. Millar,* 79 F.3d 338, 343 (2d Cir.1996). In determining the severity of the conduct, the intentions of the prosecution are a factor to be considered. *Id.* In the present case, the content of the evidence referred to in the opening statement was cumula-

---

1. In addition to these arguments, Chu submitted a letter pursuant to Federal Rule of Appellate Procedure 28(j) attempting to join Shah's brief challenging the conscious avoidance jury charge and the amount of restitution imposed at sentencing. This letter was an improper submission, because under Rule 28(j), "a party is strictly forbidden from making additional arguments." *United States v. Bortnovsky,* 820 F.2d 572, 574 (2d Cir.1987); *see also* Fed. R.App. P. 28(j). Accordingly, we decline to consider Chu's letter.

tive of other evidence produced at trial that demonstrated Chu's knowledge of the sham nature of some number of transactions in the Allied Deals network. As Chu recognized at trial, the government did not act in bad faith, and there is no indication that the evidence referred to by the prosecutor was in fact unavailable. In addition, before the parties' openings and after the close of the trial, Judge Berman issued appropriate limiting instructions on the jury's use of attorney statements. Accordingly, the motion for a mistrial was appropriately denied.

## III.

■ Shah individually challenges the sufficiency of the evidence against him, the jury charge on conscious avoidance, and the reasonableness of his sentence. First, Shah argues that the testimony against him was as consistent with innocence as it was with guilt and that he was therefore improperly convicted on both counts. *See United States v. D'Amato*, 39 F.3d 1249, 1256 (2d Cir.1994) ("[T]he government must do more than introduce evidence at least as consistent with innocence as with guilt." (internal quotation marks omitted)). Yet on the evidence before the jury, a rational trier of fact could find that Shah knew that he was committing fraud in order to perform Allied Deals' extremely dubious bidding. *See United States v. Lung Fong Chen*, 393 F.3d 139, 150 (2d Cir.2004) (stating that, in assessing a challenge to the sufficiency of the evidence underlying a conviction, we review the evidence in the light most favorable to the government, drawing all possible inferences in favor of the prosecution). The quantity of evidence from which a jury could infer knowing participation in the charged conspiracies satisfied the sufficiency of the evidence standard.

■ Over Shah's objection, Judge Berman included a conscious avoidance charge in his jury instructions. A conscious avoidance charge is proper only "(i) when a defendant asserts the lack of some specific aspect of knowledge required for conviction, and (ii) the appropriate factual predicate for the charge exists, *i.e.*, the evidence is such that a rational juror may reach the conclusion beyond a reasonable doubt that the defendant was aware of a high probability of the fact in dispute and consciously avoided confirming that fact." *United States v. Aina–Marshall*, 336 F.3d 167, 170 (2d Cir.2003) (internal citations and quotation marks omitted). At trial, Shah claimed to lack knowledge of the true nature of Allied Deals' relationship to the banks and the true nature of the companies that he created. Moreover, the evidence against Shah could be construed as indicating his deliberate ignorance of these facts. Where, as here, a defendant did not dispute that he took certain actions but denied having knowledge of their criminal nature, the defendant has put in issue whether the circumstances would have alerted him of the high probability that his actions were criminal and what steps he took to learn of the extent of that danger. *See id.* at 171. A conscious avoidance charge was therefore proper.

■ Shah, the only Appellant to challenge his sentence, argues that his sentence was unreasonable and that the restitution order was unduly harsh in both its sum and its payment schedule. Our authority to hear Shah's sentencing challenge was established in our recent opinion in *United States v. Fernandez*, 443 F.3d 19, 25–26 (2d Cir.2006). There is no dispute that Judge Berman properly calculated Shah's guidelines range, and, after considering the factors enumerated in 18 U.S.C. § 3553(a), granted a sentence below that range. Shah's argument as to unreason-

ableness focuses on his sentence in relation to his co-defendants. Assuming *arguendo* that this is a valid basis for a sentencing challenge, having reviewed the evidence against Shah and these other parties, we deem this argument unfounded on the facts and evidence in this case.

█ Finally, Shah challenges Judge Berman's restitution order, which required Shah to pay $7,901,581.70 to the victim banks. There is no dispute that restitution was mandatory under the Mandatory Victims Restitution Act, 18 U.S.C. § 3663A, and that such restitution must be "in the full amount of each victim's losses as determined by the court and without consideration of the economic circumstances of the defendant." 18 U.S.C. § 3664(f)(1)(A); *see United States v. Walker*, 353 F.3d 130, 133 (2d Cir.2003). Shah provides no basis for disputing the losses attributed to his conduct; instead he argues that the payment schedule is unrealistic given his financial circumstances. The district court expressly took into account Shah's economic circumstances (including his dependents, earning ability, and financial needs) in fashioning a payment schedule. *See* 18 U.S.C. § 3664(f)(2); *United States v. Lucien*, 347 F.3d 45, 53 (2d Cir.2003). We are satisfied, on this record, that the court did in fact consider Shah's ability to pay in setting a payment schedule, and that therefore the restitution order did not constitute an abuse of discretion.

We have considered all of the remaining arguments made by each of the Defendants–Appellants and find them to be without merit. Accordingly, we AFFIRM the judgments of the district court.