13-4060-cr
*United States v. Desnoyers*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12th day of November, two thousand fourteen.

PRESENT:  PIERRE N. LEVAL,
          DENNY CHIN,
          SUSAN L. CARNEY,
               *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA,

                   *Appellant*,

           v.                                13-4060-cr

MARK DESNOYERS,

                   *Defendant-Appellee*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

FOR APPELLANT:                    RAJIT S. DOSANJH, Assistant United States Attorney (Craig A. Benedict, Assistant United States Attorney, *on the brief*), *for* Richard S. Hartunian, United States Attorney for the Northern District of New York, Syracuse, New York.

FOR DEFENDANT-APPELLEE:        JOHN B. CASEY, Dreyer Boyajian LLP, Albany, New York.

Appeal from the United States District Court for the Northern District of New York (Hurd, *J.*).

**UPON DUE CONSIDERATION, IT IS ORDERED, ADJUDGED, AND DECREED** that the case is **REMANDED** for resentencing**.**

The government appeals a September 9, 2013 amended judgment of the United States District Court for the Northern District of New York sentencing defendant-appellee Mark Desnoyers to five years' probation, with six months' home confinement and twenty-six consecutive weekends of intermittent confinement. Desnoyers was convicted by a jury of five counts arising from his malfeasance as an air monitor for asbestos abatement projects. This is the government's third appeal in this case. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal, which we briefly summarize before addressing the merits.

Desnoyers was convicted of (1) conspiracy to violate the Clean Air Act and to commit mail fraud by engaging in certain "rip and run" asbestos abatement projects, (2) aiding and abetting a violation of the Clean Air Act in another, separate abatement project, (3) a substantive mail fraud offense arising from yet another abatement project, and (4) two counts of making false statements to agents of the Environmental Protection Agency (the "EPA"). After trial, the district court vacated the

conspiracy conviction and sentenced Desnoyers to five years' probation and restitution of $34,960, on a joint and several basis "with related case Curt Collins." App. at 566-67. The government appealed, and we reinstated the conspiracy conviction and remanded for resentencing. *See United States v. Desnoyers*, 637 F.3d 105 (2d Cir. 2011).

On remand, the district court imposed the same probationary sentence, declining to apply the so-called "organizer enhancement" under United States Sentencing Guidelines ("U.S.S.G.") § 3B1.1. Although the district court had concluded in sentencing a co-defendant that Desnoyers would be jointly and severally liable for $250,302.22 in connection with the conspiracy projects, Sp. App. at 34, at Desnoyers's resentencing the district court held that Desnoyers should be liable only for his "proportionate liability" with respect to the conspiracy count, App. at 585-86. The district court imposed restitution in the total amount of $45,398, which included Desnoyers's liability for nine percent of the cleanup costs relating to the conspiracy count; the court did not explain, however, how it arrived at the nine percent figure. The government again appealed. We vacated the sentence, with instructions for the district court to reconsider the organizer enhancement in light of the reinstatement of the conspiracy count, and to calculate restitution with a full explanation of its reasoning. *See United States v. Desnoyers*, 708 F.3d 378, 390-91 (2d Cir. 2013).

On the second remand, the district court again declined to apply the organizer enhancement and declined to hold Desnoyers jointly and severally liable for

restitution based in part on the fact that he earned less money from the scheme than his co-conspirators and that apportionment was "far more equitable." Sp. App. at 34. The court apportioned to Desnoyers liability for fourteen percent of the cleanup costs relating to the conspiracy count: the court explained that the fourteen percent figure represented "an approximation of [Desnoyers's] share of the proceeds from the abatement/air monitoring contracts for the projects outlined in [the conspiracy count]." Sp. App. at 33-34. It imposed the same five-year probationary term, but also imposed six months' home confinement and twenty-six weekends of intermittent confinement. This appeal by the government followed.

On appeal, the government argues that (1) the district court erred in not applying the organizer enhancement, (2) Desnoyers's sentence is substantively unreasonable, (3) the district court's restitution order constituted an abuse of discretion, and (4) the district judge should be removed from the case on remand. We address each argument in turn.

1.      **Organizer Enhancement**

We review a district court's interpretation of the Guidelines *de novo* and its findings of fact for clear error. *United States v. Mejia*, 461 F.3d 158, 162 (2d Cir. 2006). Section 3B1.1(a) of the U.S.S.G. provides for a four-level increase if the criminal activity involved five or more participants and the defendant was an "organizer or leader." *See also United States v. Beaulieau*, 959 F.2d 375, 379-80 (2d Cir. 1992) ("Whether a defendant

is considered a leader depends upon the degree of discretion exercised by him, the nature and degree of his participation in planning or organizing the offense, and the degree of control and authority exercised over the other members of the conspiracy.").

The government argues that the district court's stated reasons for declining to apply the organizer enhancement are at odds with findings in the presentence report ("PSR"), which the district court explicitly adopted on a wholesale basis. We agree. First, the district court found that Desnoyers was "less culpable" than his co-defendants, Sp. App. at 6, and yet the PSR noted that Desnoyers "devised and directed" the criminal scheme with two co-conspirators, offering no indication that Desnoyers was not at least an equal participant, PSR ¶ 15. Next, the district court found that Desnoyers was "somewhat duped and misled" by his co-defendants, Sp. App. at 6, and yet the PSR states that Desnoyers not only "organized the illegal work," but also approached a co-defendant about starting a company for which Desnoyers would perform the air monitoring, PSR ¶ 35. Finally, the district court found that Desnoyers "had no direct supervisory or managerial control over the abatement workers," Sp. App. at 7, despite explicit recitations in the PSR that Desnoyers was the "General Manager" of three projects in the conspiracy count, for which he "solicited" two co-defendants to participate as abatement contractors, PSR ¶ 35. Additionally, according to the PSR, Desnoyers "created fraudulent records, and billed clients for work" he never completed,

PSR ¶ 19, and he testified that he disbursed unlawful proceeds from some of the abatement projects, App. at 191.

A court deciding whether to apply a four-level organizer or leader enhancement under § 3B1.1(a) should consider factors including "the exercise of decision making authority, the nature of participation in the commission of the offense, the recruitment of accomplices, the claimed right to a larger share of the fruits of the crime, the degree of participation in planning or organizing the offense, the nature and scope of the illegal activity, and the degree of control and authority exercised over others." U.S.S.G. § 3B1.1 cmt. n.4; *see United States v. Molina*, 356 F.3d 269, 276 (2d Cir. 2004). "As to disputed issues of fact, the district court must make findings with sufficient clarity to permit meaningful appellate review." *United States v. Skys*, 637 F.3d 146, 152 (2d Cir. 2011); *see United States v. Huerta*, 371 F.3d 88, 92-93 (2d Cir. 2004) (remanding the case to the district court where the record "le[ft] open important factual questions regarding . . . three factors listed in application note 4").

Here, the district court adopted the PSR, but made additional factual findings that cannot be reconciled with the PSR. The district court thus committed clear error in failing to resolve the discrepancies between its factual findings at sentencing and the facts set forth in the adopted PSR. *United States v. Reed*, 49 F.3d 895, 901 (2d Cir. 1995) ("Where the sentencing judge neither clearly resolves the disputed issue nor explicitly relies on factual assertions made in a PSR, we must remand for further

findings."). We therefore remand the sentence for the district court to resolve these discrepancies and, on the basis of its findings, to make any adjustment warranted by § 3B1.1.

### 2. Substantive Reasonableness

We decline to rule on the issue of substantive reasonableness at this time because the sentence contains procedural error. *See Gall v. United States*, 552 U.S. 38, 51 (2007) (the appellate court "must first ensure that the district court committed no significant procedural error," and "[a]ssuming that the district court's sentencing decision is procedurally sound, the appellate court should then consider the substantive reasonableness of the sentence").

### 3. Restitution

We next turn to the district court's restitution order. We review awards of restitution for abuse of discretion, *United States v. Lucien*, 347 F.3d 45, 52 (2d Cir. 2003), but a district court lacks discretion under the Mandatory Victims Restitution Act ("MVRA") "to deny an award of restitution or to award restitution for anything less than the full amount of the victim's losses," *United States v. Walker*, 353 F.3d 130, 131 (2d Cir. 2003); *see also United States v. Coriaty*, 300 F.3d 244, 253 (2d Cir. 2002) (holding that "statutory focus" of MVRA is "making victims whole"). It is within the discretion of the district court to hold a defendant jointly and severally liable or to apportion liability. *See* 18 U.S.C. § 3664(h) ("If the court finds that more than 1 defendant has contributed to

the loss of a victim, the court may make each defendant liable for payment of the full amount of restitution or may apportion liability among the defendants to reflect the level of contribution to the victim's loss and economic circumstances of each defendant.").

In holding Desnoyers proportionately liable for the losses in Count One, the district court concluded that "[t]his fourteen percent represents an approximation of the defendant's share of the proceeds from the abatement/air monitoring contracts for the projects outlined in Count 1." Sp. App. 33-34. As discussed above, the facts in the PSR suggest a comparable level of knowledge and participation among Desnoyers and his co-conspirators, and they suggest that the scheme would not have been possible without Desnoyers and that the victims were all harmed by Desnoyers's willingness to falsify air samples and perform fraudulent air monitoring. *See United States v. Tzakis*, 736 F.2d 867, 871 (2d Cir. 1984) (because defendant "was convicted . . . for a conspiracy encompassing the entire fraudulent scheme," he could "be required to make restitution for damage caused to all of the scheme's victims" even if his role in scheme was "comparatively minimal" (internal quotation marks omitted)). The district court found that Desnoyers's Count 1 co-defendant had "paid only $890.20 toward his $854,166.06 restitution obligation [on all counts]" in the years since his sentencing. Sp. App. 29. In light of this observation, it was an abuse of discretion for the district court to then impose only a prorated share of the Count 1 restitution on Desnoyers. By doing so, the

district court elevated Desnoyers's interests over those of his victims, requiring the victims, rather than Desnoyers, to bear the cost of his co-conspirator's failure to bear his share.

### 4. Request for Reassignment

Finally, we deny the government's request to order that the case be reassigned to a new judge on remand. "[R]esentencing before a different judge is required only in the rare instance in which the judge's fairness or the appearance of the judge's fairness is seriously in doubt." *United States v. Cossey*, 632 F.3d 82, 89 (2d Cir. 2011) (per curiam) (internal quotation marks omitted). Reassignment is not ordinarily warranted merely because "a sentencing judge has been shown to have held erroneous views." *United States v. Bradley*, 812 F.2d 774, 782 n.9 (2d Cir. 1987). The errors set forth above do not reflect any bias on the part of the district judge, and matters of judicial efficiency counsel against reassignment. *See United States v. Robin*, 553 F.2d 8, 11 (2d Cir. 1977) (en banc) (per curiam) ("A judge who has presided over a lengthy trial often gains an intimate insight into the circumstances of the defendant's crime, which may prove uniquely useful in determining the sentence to be imposed, whereas no such reason would normally exist upon sentencing after a guilty plea.").

Accordingly, we **REMAND** the case with instructions to the district court to vacate the sentence and resentence the defendant in a manner not inconsistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk