# FOR PUBLICATION

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

RICHARD D. SCHULTZ,
　　　　　　*Plaintiff-Appellee,*

v.

UNITED STATES OF AMERICA,
　　　　　　*Creditor-Appellee,*

THOMAS K. BOURKE,
　*Proposed Intervenor-Appellant,*

and

JUDGMENT RESOLUTION
CORPORATION; LESLIE H. COMBS, II,
　　　　　　*Defendants-Appellees.*

No. 08-17304

D.C. No.
3:87-cv-06038-MHP

OPINION

Appeal from the United States District Court
for the Northern District of California
Marilyn H. Patel, District Judge, Presiding

Argued and Submitted
December 11, 2009—San Francisco, California

Filed February 9, 2010

Before: Mary M. Schroeder and Consuelo M. Callahan,
Circuit Judges, and Barbara M.G. Lynn,* District Judge.

Opinion by Judge Lynn

---

*The Honorable Barbara M.G. Lynn, U.S. District Judge for the Northern District of Texas, sitting by designation.

2363

## COUNSEL

Richard M. Goldstein, Goldstein, Tanen & Trench, P.A., Miami, Florida, for proposed-intervenor-appellant.

Evan Jason Smith, Esquire, Brodsky & smith, LLC, Beverly Hills, California, for the plaintiff-appellee.

Deborah F. Sanders, Esquire, Assistant U.S. Attorney, Office of the U.S. Attorney, Columbus, Ohio, for the creditor-appellee.

## OPINION

LYNN, U.S. District Judge:

### I.   Introduction

Proposed Intervenor Thomas Bourke ("Bourke") seeks review of the denial of his motion to intervene as of right pursuant to Fed. R. Civ. P. 24(a)(2). We affirm the judgment of the district court because denial of Bourke's motion was proper under the Mandatory Victims Restitution Act ("MVRA"), 18 U.S.C. § 3663A, which gives rise to Bourke's interest in this action. Because the remedy provided in the MVRA is exclusive, Bourke may not use the provisions of Rule 24 to intervene in pursuit of his interest in restitution.

### II.   Facts and Procedural Background

The action in the Northern District of California in which Bourke seeks to intervene (the "California litigation") began more than twenty years ago. Richard Schultz was an investor in a private placement of stock in a thoroughbred horse breeding farm. When the market in thoroughbreds declined and Schultz's stock became almost worthless, Schultz sued several defendants in an effort to recoup his losses. One of those defendants, Frank Bryant, was represented by Bourke. Bourke and other defendants sought to recover their attorneys' fees from Schultz.

In 1994, the California district court entered judgment in favor of several defendants, including Bryant, who was awarded more than a million dollars in attorneys' fees. Bryant transferred part of his interest in the judgment to Bourke, pursuant to their retainer agreement.

Schultz appealed, and orchestrated a complex scheme to hide his assets from various creditors, making him appear judgment proof. During the appeal, Bourke sold his interest in

the judgment at a discount to Judgment Resolution Corpora-tion ("JRC"), which substituted as a party. JRC's president was Frank McPeak ("McPeak").

After remand in 1999, Schultz and JRC successfully peti-tioned the District Court for a reduction in the principal of the judgment. The District Court entered a consolidated final judgment (the "Final Judgment") awarding JRC principal of $4,118,559.21. Sometime thereafter, JRC assigned its interest in the Final Judgment to Gloria McPeak, McPeak's wife.

In 2001, the United States brought a criminal action in the U.S. District Court for the Southern District of Ohio against McPeak and eight other co-conspirators, alleging a conspiracy to defraud Schultz's creditors. McPeak pled guilty to conspir-acy to commit wire fraud and conspiracy to impede the IRS.

On June 1, 2007, the Ohio court entered a Restitution Opin-ion and Order (the "Restitution Order") identifying Bourke as one of two victims of the conspiracy and awarding him $744,424.66 in restitution under the Mandatory Victims Res-titution Act, 18 U.S.C. § 3663A, which mandates that orders of restitution be entered against defendants found guilty of certain charges. The Ohio court found McPeak jointly and severally liable for the restitution owed to Bourke because McPeak had conspired with Schultz to have JRC purchase the judgment in favor of Bourke at a reduced rate, using Schultz's own hidden assets, and then to obtain a reduction in the amount of the Final Judgment. McPeak's wife assigned the Final Judgment to the United States in satisfaction of McPeak's restitution obligations.

The United States filed a Notice of Registration of Assign-ment of Judgment in the Ohio court on September 24, 2007. On June 3, 2008, Bourke sought to intervene in the California litigation as a matter of right under Fed. R. Civ. P. 24(a)(2), for the sole purpose of addressing the collection and distribu-tion of Schultz's assets. As of the date of Bourke's motion to

intervene, the United States had taken at best extremely limited action to enforce the Final Judgment for the benefit of other creditors, including Bourke, who now seeks by Rule 24 to take such action on his own behalf. The district court denied the motion, and Bourke timely appealed.

## III.   Analysis

A district court's denial of a motion for intervention as of right is reviewed de novo, except for the issue of the timeliness of the motion, which is reviewed for abuse of discretion. *See United States v. Alisal Water Corp.*, 370 F.3d 915, 918-19 (9th Cir. 2004) (citations omitted).

**[1]** Bourke's right to any proceeds collected from the Final Judgment is based upon his status as a victim under the Mandatory Victims Restitution Act, which mandates that orders of restitution be entered against defendants found guilty of certain charges. *See* 18 U.S.C. § 3663A. Enforcement of the MVRA is governed by 18 U.S.C. § 3664, which provides, in relevant part:

> (m)(1)(A)(i) An order of restitution may be enforced by the United States in the manner provided for in subchapter C of chapter 227 and subchapter B of chapter 229 of this title; or (ii) by all other available and reasonable means.

> (B) At the request of a victim named in a restitution order, the clerk of the court shall issue an abstract of judgment certifying that a judgment has been entered in favor of such victim in the amount specified in the restitution order. Upon registering, recording, docketing, or indexing such abstract in accordance with the rules and requirements relating to judgments of the court of the State where the district court is located, the abstract of judgment shall be a lien on the property of the defendant located in such State in

the same manner and to the same extent and under the same conditions as a judgment of a court of general jurisdiction in that State.

**[2]** The statute clearly gives victims the right to self-help in collecting restitution ordered for their benefit under the MVRA, via the specific mechanism described therein. At issue here is whether methods other than the mechanism specifically described in § 3664(m)(1)(B)—such as Bourke's attempted intervention in this action—may be used by victims to independently enforce a restitution order.[1]

**[3]** Subsection A of the statute expressly authorizes the United States to enforce a restitution order by the statutory remedy in the Act "or by all other available and reasonable means." Section 3664(m)(1)(B), however, prescribes only one method by which victims may enforce a restitution order. The negative implication is that Congress meant to prohibit enforcement in any other way. *See, e.g., Transamerica Mortgage Advisors, Inc. v. Lewis*, 444 U.S. 11, 19 (1979) ("[I]t is an elemental canon of statutory construction that where a statute expressly provides a particular remedy or remedies, a court must be chary of reading others into it."); *Botany Worsted Mills v. United States*, 278 U.S. 282, 289 (1929) ("When a statute limits a thing to be done in a particular mode, it includes a negative of any other mode." (citations omitted)).

**[4]** The Restitution Order found McPeak jointly and severally liable for restitution owed to Bourke under the MVRA. Therefore, § 3664(m)(1)(B) allows Bourke to file an abstract

---

[1]The United States cites to 18 U.S.C. § 3612(c) in its argument that Bourke has no authority to assert any control whatsoever over the process of collecting the Final Judgment owned by the United States. 18 U.S.C. § 3612(c) states that an order of restitution "does not create any right of action against the United States by the person to whom restitution is ordered to be paid." However, the United States provides no legal support —and none can be found—for characterizing this motion to intervene as an "action against" the United States.

of judgment to proceed against McPeak. But because McPeak's restitution obligation has been satisfied by assignment of the Final Judgment to the United States, it would not avail Bourke to proceed against McPeak in the manner prescribed in § 3664(m)(1)(B). Bourke cannot collect a debt from a debtor who has already paid that debt, albeit not directly to Bourke himself.

**[5]** The inutility of this remedy to Bourke, while unfortunate, is irrelevant to the statutory analysis. Bourke's motion to intervene in the California litigation is an attempt to enforce the Restitution Order in a manner outside the scope of § 3664(m)(1)(B). Because the remedy provided under the MVRA is exclusive, Bourke may not use the provisions of Rule 24 to enlarge or modify his right to restitution by intervening in the California litigation.

## IV.   Conclusion

The judgment of the district court is AFFIRMED.