**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CAHTO TRIBE OF THE LAYTONVILLE RANCHERIA, <br><br> Plaintiff - Appellee, <br><br> v. <br><br> AMY DUTSCHKE,** Regional Director for the Pacific Region, Bureau of Indian Affairs, United States Department of the Interior; KENNETH LEE SALAZAR, Secretary of the Interior, United States Department of the Interior; KEVIN K. WASHBURN,*** Assistant Secretary for Indian Affairs, United States Department of the Interior, <br><br> Defendants, <br><br> v. | No. 11-15104 <br><br> D.C. No. 2:10-cv-01306-GEB-GGH <br><br> MEMORANDUM* |

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* Amy Dutschke is substituted for her predecessor, Acting Regional Director Dale Risling, as Regional Director for the Pacific Region, Bureau of Indian Affairs, United States Department of Interior, pursuant to Fed. R. App. P. 43(c)(2).

\*\*\* Kevin K. Washburn is substituted for his predecessor, Larry Echo Hawk, as Assistant Secretary for Indian Affairs, United States Department of Interior, pursuant to Fed. R. App. P. 43(c)(2).

GENE WILLIAM SLOAN; BERT U.
SLOAN; MELODY SLOAN; JOHN
OMAR SLOAN; TASHEENA SLOAN;
ALLEN SLOAN; RACHEL SLOAN;
LINDA PALOMARES; GODFREY
SLOAN; JEFF SLOAN; TONYA SLOAN
RODRIGUEZ; TAMMY SLOAN;
ARTURO GONZALEZ, Jr.; ARICA
LOPEZ SLOAN; MARK BRITTON, Jr.;
JOSE OCHOA,

        Movants - Appellants.

Appeal from the United States District Court
for the Eastern District of California
Garland E. Burrell, District Judge, Presiding

Argued and Submitted December 5, 2012
San Francisco, California

Before: KOZINSKI, Chief Judge, HAWKINS and MURGUIA, Circuit Judges.

Current and former members of the Cahto Tribe ("Tribe"), the "Sloans," appeal the denial of their motion seeking to intervene, Fed. R. Civ. P. 24, on the side of defendants in an action brought by the Tribe for review of a decision of the Bureau of Indian Affairs ("BIA").[1] Because the disposition of this action does not "as a practical matter impair or impede," Fed. R. Civ. P. 24(a)(2), the Sloans' ability to protect their

---

[1] This Memorandum addresses issues raised in the intervention appeal, No. 11-15104. A separately filed Opinion addresses the merits appeal, No. 11-17847.

2

interests, we affirm the district court's denial of intervention as of right.[2] We also dismiss the appeal in part because the district court did not abuse its discretion in denying permissive intervention.

## I. Intervention of Right

We have jurisdiction over the denial of a motion to intervene as a matter of right as a final order under 28 U.S.C. § 1291, *Citizens for Balanced Use v. Mont. Wilderness Ass'n*, 647 F.3d 893, 896 (9th Cir. 2011), and our review is de novo, *Schultz v. United States*, 594 F.3d 1120, 1122 (9th Cir. 2010).

We apply a four-part test to determine if an applicant for intervention is entitled to intervene as a matter of right:

> (1) the applicant must timely move to intervene; (2) the applicant must have a significantly protectable interest relating to the property or transaction that is the subject of the action; (3) the applicant must be situated such that the disposition of the action may impair or impede the party's ability to protect that interest; and (4) the applicant's interest must not be adequately represented by existing parties.

*Arakaki v. Cayetano*, 324 F.3d 1078, 1083 (9th Cir. 2003); *see also* Fed. R. Civ. P. 24(a)(2). Because the Sloans have failed to show that the disposition of the action may "impair or impede" their ability to protect any interest they have in the outcome of this litigation, we do not address the additional requirements of Rule 24(a)(2). *See*

---

[2] The Sloans' motion for judicial notice is granted.

*United States ex rel. McGough v. Covington Techs. Co.*, 967 F.2d 1391, 1394 (9th Cir. 1992) (considering intervention factors not addressed by district court where record was complete).

Even assuming at least some of the Sloans—the disenrolled members who have not been re-enrolled—have demonstrated a protectable interest, they have failed to show that the disposition of the action may "impair or impede" their ability to protect their interest in membership. Fed. R. Civ. P. 24(a)(2). These individuals may re-apply for membership. They may then seek review of their presumptive rejection by the BIA, whose decision this court could likely review. *See, e.g.*, *United States v. Alisal Water Corp.*, 370 F.3d 915, 921 (9th Cir. 2004) (no impairment of rights when proposed intervenor had alternative means of redress).

## II. Permissive Intervention

"We have jurisdiction over the denial of a motion for permissive intervention only if we determine that the district court abused its discretion." *Citizens for Balanced Use*, 647 F.3d at 896. The district court did not abuse its discretion in denying the Sloans' motion for permissive intervention. *Dep't of Fair Emp't and Hous. v. Lucent Techs., Inc.*, 642 F.3d 728, 741–42 (9th Cir. 2011) (acknowledging wide discretion afforded to district courts). Accordingly we dismiss the appeal of the

4

denial of permissive intervention for lack of jurisdiction. *Perry v. Proposition 8 Official Proponents*, 587 F.3d 947, 955 (9th Cir. 2009).

**AFFIRMED in part and DISMISSED in part.**