Matter of Mikhlov v Festinger (2019 NY Slip Op 04046)





Matter of Mikhlov v Festinger


2019 NY Slip Op 04046


Decided on May 23, 2019


Appellate Division, First Department


Acosta, P.J., J.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 23, 2019
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Rolando T. Acosta, P.J.
Sallie Manzanet-Daniels
Peter Tom
Jeffrey K. Oing, JJ.
 




156960/16 8977 

[*1]In re Ilya Mikhlov, also known as M. Mikhailov, etc., Petitioner-Appellant,
v
Samuel Festinger, Respondent, Charnie Rosenbaum, Respondent-Respondent.



Petitioner appeals from an order and judgment (one paper), of the Supreme Court, New York County (Barbara Jaffe, J.), entered December 18, 2017, which granted respondent Rosenbaum's motion to dismiss the petition brought to enforce a judgment for a writ of execution and turnover order on a restitution judgment entered against respondent Festinger, and denied petitioner's cross motion for leave to amend the petition.




Allyn & Fortuna LLP, New York (Paula Lopez of counsel), for appellant.
Charnie Rosenbaum, respondent pro se.



ACOSTA, P.J.


This case requires us to determine whether petitioner had legal standing to bring a petition to enforce a judgment for a writ of execution and turnover order on a restitution judgment entered against respondent Festinger. The issue narrows down to whether the Victim and Witness Protection Act (VWPA) or its amended version, the Mandatory Victim Restitution Act of 1996 (MVRA), was applicable when the petition was filed and whether the versions of the statute in question provide a private cause of action for victims of a crime.
As alleged in the petition, in April 1995, respondent Samuel Festinger pleaded guilty in [*2]the U.S. District Court for the Southern District of New York to a felony count of mail fraud in connection with a 10-year scheme to defraud customers of his fuel oil business. He was sentenced to five years' probation and one year of home confinement. In addition, the District Court ordered Festinger to make restitution to his victims, who were all identified in a list, in the amount of $1,835,936, with $20,000 paid per quarter (Restitution Judgment).
Approximately five years later, an amended judgment was entered requiring Festinger to serve a one-month prison term as a result of false statements made in his monthly supervision reports and personal financial statement forms. The April 2000 amended judgment did not alter the terms of the required restitution.
In 2003, respondent Charnie Rosenbaum, who married Festinger in 2001, became the record owner of a real property located at 1150 East 4th Street in Brooklyn, with the $140,000 down payment paid by Festinger. Festinger allegedly contributed $1.5 million in cash toward rebuilding on the property and all mortgage payments until October 2010, when the marriage began to deteriorate.
A foreclosure action against Rosenbaum was commenced on the property eight years later.
Petitioner, Ilya Mikhlov, on behalf of judgment creditors of Festinger, commenced this special proceeding in 2016 by filing a petition for a writ of execution and turnover order pursuant to article 52 of the CPLR (§ 5225) directing respondents to turn over $1,835,936, plus interest and penalties, less any payments made to date, from the proceeds of the contemplated sale of the property, in an amount sufficient to satisfy the balance due on the Restitution Judgment, on the ground that petitioner and the class of creditors have a valid lien on the assets of Festinger.[FN1]
Rosenbaum moved to dismiss the petition, arguing, inter alia, that petitioner lacked standing.[FN2]
Petitioner opposed the motion to dismiss and cross-moved for leave to file an amended petition. Petitioner argued, inter alia, that he is a proper party for bringing the proceeding as a victim named in the Restitution Judgment under either the old version of 18 USCA § 3663(h)(2) or the amended version, the MVRA.[FN3]
The motion court granted Rosenbaum's motion to dismiss the petition, and denied petitioner's cross motion for leave to amend.
The court found that the MVRA, which repealed and replaced the VWPA provides that only the United States may enforce a restitution order in the same manner as a civil judgment. It held that the applicable statute "provides no authority for the proposition that a crime victim has standing to enforce a restitution order in any manner other than by obtaining a lien on property," as provided for in the applicable 18 USC § 3664(m)(1)(B).
To the extent petitioner argued that the MVRA was inapplicable because it became effective after the Restitution Judgment in this case was entered, the court found that "the record reflects an amended judgment including the restitution order was entered in 2000, thereby superseding the original judgment," and that Rosenbaum had thus established that "petitioner has no standing to enforce the restitution order in the instant proceeding."
Given that, the court found it unnecessary to address the parties' remaining contentions, including the motion to amend the petition, which it denied as academic.
The MVRA became effective on April 24, 1996, as part of the Antiterrorism and Effective Death Penalty Act of 1996, Pub L 104-132, 110 Stat 1214, and made restitution mandatory for the identified victims of certain crimes, including mail and wire fraud, regardless of the defendant's ability to pay (18 USC § 3663A; United States v Cheal , 389 F3d 35, 46 [1st Cir 2004]). As of the effective date in 1996, where there is a conviction for a crime qualifying for mandatory restitution, it is the MVRA, which was technically an amendment to the VWPA, that must be applied (see United States v Owens , 426 F3d 800, 808-809 [6th Cir 2005], cert denied 546 US 1119 [2006]).
It is the VWPA rather than the MVRA that should be applied to the claim here. The criminal conduct qualifying for mandatory restitution was the mail fraud. It occurred in 1995, before the effective date of the MVRA in 1996. The amendment to the Restitution Judgment in 2000 did not relate to the initial criminal conduct of mail fraud but was merely entered as a result of false statements made by Festinger in his monthly supervision reports and financial statement forms. The conviction because of the false statements does not constitute a conviction for a crime qualifying for mandatory restitution. Consequently, there was no conviction in relation to mandatory restitution after the effective date of the MVRA. Thus, the MVRA is not applicable. Applying the MVRA instead of the VWPA would violate the Constitution's ex post facto prohibition (see United States v Schulte , 264 F3d 656, 661-662 [6th Cir 2001]).
Petitioner has no standing under the VWPA to bring this proceeding for a writ of execution and turnover order on a restitution order.
The VWPA provided that a court could exercise its discretion to order restitution and that the order of restitution could be enforced "(1) by the United States . . . (B) in the same manner as a judgment in a civil action; and (2) by a victim named in the order to receive the restitution, in the same manner as a judgment in a civil action " (18 USCA former § 3663[h] [emphasis added]). The plain statutory language of the VWPA did not further specify the means by which restitution could be collected by the victim. The case law shows that although a restitution order operates "in the same manner as a civil judgment" for enforcement purposes under the VWPA, it does not constitute a civil judgment and does not provide a private cause of action for victims (see United States v Mindel , 80 F3d 394, 398 [9th Cir 1996]; United States v Keith , 754 F2d 1388, 1392 [9th Cir 1985], cert denied 474 US 829 [1985]. Courts have uniformly found that Congress made restitution "an element of the criminal sentencing process and not an independent civil action in nature" (see Lyndonville Sav. Bank & Trust Co. v Lussier , 211 F3d 697, 702 [2d Cir 2000] [internal quotation marks omitted]). Thus, the VWPA makes civil remedies available to collect restitution but does not make restitution a civil judgment that can simply be enforced in a private suit (see United States v Johnson , 983 F2d 216, 220 [11th Cir 1993]; United States v [*3]Brown , 744 F2d 905, 910 [2d Cir 1984], cert denied 469 US 1089 [1984]; United States v Kelley , 997 F2d 806 [10th Cir 1993]). Rather, a victim may pursue a civil action for damages in connection with the injuries that resulted in a restitution order, and the restitution order may provide assistance in proving liability, but the petitioner may not rely entirely on the restitution order and the amount ordered in the criminal action. Thus, the petitioner can separately plead and prove liability and damages under either a statutory or a common-law cause of action if the restitution order fails to satisfy the victim (United States v Bruchey , 810 F2d 456, 461 [4th Cir 1987]).
Here, petitioner did not separately plead under a statutory or a common-law cause of action, but is merely relying on the restitution order and the plain statutory language of the VWPA. As discussed, the plain language does not indicate and case law and legislative history do not show that Congress intended to provide a private cause of action for victims under the VWPA. Thus, petitioner has no legal standing under the VWPA.
Even if MVRA were applicable, petitioner would not have standing under that statute either. At the same time as the MVRA, which states that "[a]n order of restitution under this section shall be issued and enforced in accordance with section 3664" (18 USC § 3663A[d]), became effective, Congress made significant alterations to the mentioned section 3664. Section 3664 states that "[a]n order of restitution may be enforced by the United States [as provided elsewhere] . . . or by all other available and reasonable means" [§ 3664[m][1][A] and that
"[a]t the request of a victim named in a restitution order, the clerk of the court shall issue an abstract of judgment certifying that a judgment has been entered in favor of such victim in the amount specified in the restitution order. . . . [T]he abstract of judgment shall be a lien on the property of the defendant" (id. Subsection [m][B] [emphasis added]).
While subsection A explicitly provides "all other available and reasonable means" of enforcement to the government, subsection B limits enforcement for victims to obtaining a lien. Thus, Congress set a "negative implication" that all other enforcement mechanisms, including the enforcement of an abstract judgment in a separate court proceeding, are unavailable to private victims (Schultz v United States , 594 F3d 1120, 1123 [9th Cir 2010]). Although the MVRA was adopted to make restitution for victims more widespread, it does not appear that this intent was translated into enforcement mechanisms meant to ensure that victims could bring private state court actions to obtain the ordered restitution where government collection efforts fell short, other than by obtaining and enforcing a lien granted under 18 USC § 3664(m) (see Davis v MacDonald , 2016 WL 5791452, 2016 US Dist LEXIS 137281 [ED Mich 2016], appeal dismissed 2016 WL 10519121 [6th Cir 2016]).
Some cases may support the conclusion that under the MVRA, a victim who has obtained a lien on property based on a restitution order may enforce that lien in a special court proceeding (see United States v Manuelian , 298 F Supp 3d 255, 258 [D Mass 2018]; United States v Perry , 360 F3d 519 [6th Cir 2004]). However, these cases provide no support for the conclusion that a victim may enforce the abstract judgment itself without obtaining a lien, especially given that this would contradict the language of 18 USC § 3664(m), explicitly requiring a lien. Petitioner has obtained an abstract of judgment, but never recorded it as a lien on defendant's property or brought an action to enforce it. As discussed, the MVRA does not provide a cause of action for a private victim to enforce an abstract judgment on a restitution order, which is exactly what petitioner is seeking to do. Therefore, petitioner has no standing under the MVRA.
Accordingly, the order and judgment (one paper), of the Supreme Court, New York County (Barbara Jaffe, J.), entered December 18, 2017, which granted respondent Rosenbaum's motion to dismiss the petition brought to enforce a judgment for a writ of execution and turnover [*4]order on a restitution judgment entered
against respondent Festinger, and denied petitioner's cross motion for leave to amend the petition, should be affirmed, without costs.
All concur.
Order and judgment (one paper), Supreme Court, New York County (Barbara Jaffe, J.), entered December 18, 2017, affirmed, without costs.
Opinion by Acosta, P.J. All concur.
Acosta, P.J., Manzanet-Daniels, Tom, Oing, JJ.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 23, 2019
CLERK



Footnotes

Footnote 1: The petition also seeks a declaration that Festinger is the record owner of the property, and that the transfer of funds from Festinger to Rosenbaum for purchase and improvement of the property was fraudulent under the Debtor and Creditor Law. Festinger answered the petition, admitting that Rosenbaum had notice of the Restitution Judgment when they married and that he provided funds to her for the purchase of the property, its improvement, and mortgage payments.

Footnote 2: Additionally, Rosenbaum argued that she owns the property, that she financed the purchase of the property as well as its improvements, and that Festinger only contributed $22,000 and cannot claim ownership interest in it. She further argued that the petition should be dismissed as time-barred.

Footnote 3: Further, petitioner argued that the petition was governed by the 20-year-statute of limitations enforcing a money judgment and is therefore not time-barred. In addition, he argued that issues of fact exist regarding Festinger's ownership interest.